UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                              :
                                                                       :
            -v-                                                        :     20-CR-135 (JMF)
                                                                       :
JAHVONNE CHAMBERS,                                                     :     MEMORANDUM OPINION
                                                                       :     AND ORDER
                        Defendant.                                     :
                                                                       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Jahvonne Chambers is detained at the Essex County Correctional Facility ("Essex"), awaiting trial on charges of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); and attempted assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) and 2. By motion filed March 29, 2020, Chambers moves for "temporary release" on bail pursuant to 18 U.S.C. § 3142(i), on the ground that he has "a substantially heightened risk" should he contract COVID-19 because he has asthma and because Essex "has significantly restricted" his access to counsel. ECF No. 58, at 1. The Government opposes his motion. ECF No. 66. Chambers was invited to submit a reply, *see* ECF No. 60, but he did not.

      There is no dispute that the Court has authority to grant Chambers temporary release pursuant to Section 3142(i), which provides that a court "may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *See also United States v. Perez*, No. 19-CR-297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting release pursuant to Section 3142(i) in light of COVID-19); *United States v. Stephens*, No. 15-CR-95 (AJN), 2020

WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (same).  In considering whether there is a "compelling reason" for a defendant's release under this provision, however, a court must "balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention.  In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case." *United States v. Cox*, No. 2:19-CR-271 (RFB) (VCF), 2020 WL 1491180, at *2 (D. Nev. Mar. 27, 2020).

Applying that analysis here, the Court denies Chambers's motion substantially for the reasons stated in the Government's opposition.  *See* ECF No. 66.  First, Chambers fails to demonstrate that temporary release is "necessary" for the preparation of his defense because, among other things, he was just arrested and the initial pretrial conference, which is not evidentiary in nature and does not necessarily even require the defendant's presence, *see* Fed. R. Crim. P. 43(b)(3), is not even scheduled for another month, *cf. Stephens*, 2020 WL 1295155, at *3 (concluding that temporary release was justified in part to enable the defendant to prepare for an evidentiary hearing scheduled for six days later); *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *4 (E.D. Mich. Mar. 27, 2020) (concluding similarly as to a pre-sentencing hearing scheduled for two months later).  And second, he fails to demonstrate that, balancing the reasons advanced for release against the risks posed by release, there is "another compelling reason" favoring release.  Put simply, Chambers is "far too great a danger to the community to justify his release." *United States v. Conley*, No. 19-CR-131 (PAE), ECF No. 366, at 2 (Mar. 31, 2020) ("*Conley Order*").  That conclusion is based on the nature of the present charges (which include allegations that Chambers was involved in at least two gunpoint robberies and an attempted slashing of another inmate while detained in jail) and Chambers's lengthy criminal history, which includes multiple convictions for crimes of violence and crimes

committed while on parole or pretrial release. As Judge Engelmayer stated in reference to a similar application earlier today: "Simply put, the danger to the community presented by [Chambers's] release outweighs, substantially, the danger to himself presented by his incarceration at [Essex]." *Conley Order* at 2-3.

Accordingly, Chambers's motion for temporary release is DENIED. The Clerk of Court is directed to terminate ECF No. 58.

SO ORDERED.

Dated: March 31, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge